UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DANNY SIMPSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CAUSE NO. 3:07-CV-516 PS |
| vs. ) | |
| ) | |
| KYM BLACKWELL, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Danny Simpson, a *pro se* prisoner, submitted a complaint [DE1]. In the section captioned, "Cause of Action With Supporting Fact," he directed the Court to see several attachments, but when he originally mailed his Complaint, those attachments were not included. Subsequently he supplemented the Complaint by providing those attachments [DE7 ("Supplement")]. The Court now construes these filings together for the purpose of evaluating his claims.

Pursuant to 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

The pleading standards were recently retooled by the Supreme Court. In the context of a motion to dismiss for failure to state a claim, the Court stated that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). Instead the Court held that the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id*. at 1965. Two weeks later the Supreme Court decided *Erickson v. Pardus*, 127 S.Ct. 2197 (2007). In *Erickson* the Court also took up the issue of pleading standards, but this time in the context of *pro se* litigation. In *Erickson*, the Court stated that "[s]pecific facts are not necessary" to meet the requirements of Rule 8(a). The Court further noted that a "document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id*. at 2200. In an effort to reconcile *Twombly* and *Erickson* the Seventh Circuit has read those cases together to mean that "at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." *Airborne Beepers & Video, Inc. v. AT&T Mobility*, 499 F.3d 663, 667 (7th Cir. 2007).

Simpson alleges that the confidentiality of his medical information was violated by the Defendants. In his opening statement, he states, "This is in the realm of what is also a Hepa violation." (Supplement at 1.) It appears that he is referencing the Health Insurance Portability and Accountability Act of 1996 (HIPAA) because that statute is the seminal federal law addressing the confidentiality of medical records and it has a similar sounding acronym. Nevertheless, Simpson makes no further mention of HIPAA and because he describes his claim

2

merely as "in the realm of what is also a Hepa [sic] violation," it appears that he did not intend to bring a HIPAA claim. Perhaps that is because he recognizes that HIPAA did not create a private right of action.

> HIPAA provides both civil and criminal penalties for improper disclosures of medical information. 42 U.S.C. §§ 1320d-5, d-6. However, HIPAA limits enforcement of the statute to the Secretary of Health and Human Services. Because HIPAA specifically delegates enforcement, there is a strong indication that Congress intended to preclude private enforcement.
> While no other circuit court has specifically addressed this issue, we are not alone in our conclusion that Congress did not intend for private enforcement of HIPAA. Every district court that has considered this issue is in agreement that the statute does not support a private right of action.

*Acara v. Banks*, 470 F.3d 569, 571 (5th Cir. 2006) (citations omitted).

The focus of Simpson's Complaint is a violation of INDIANA CODE 16-36-1-11 which provides that:

> (a) An individual authorized to consent to health care for another individual under this chapter has the same right that the authorizing individual has to receive information relevant to the contemplated health care and to consent to the disclosure of medical records to a health care provider.
> (b) Disclosure of information regarding contemplated health care to an individual authorized to consent for another is not a waiver of an evidentiary privilege or of the right to assert confidentiality.

First, this chapter of the Indiana Code (INDIANA CODE 16-36-1 *et seq*.) does not create a right to medical confidentiality. What it does is define who and how medical consent is given. As a part of that, it includes an explanation of individuals appointed to consent for others. The section Simpson cites (INDIANA CODE 16-36-1-11) makes clear that disclosing information to such a person is not a waiver of confidentiality. Second, a state right to medical confidentiality (wherever it may be found) is not actionable in this case.

> In order to state a cause of action under 42 U.S.C. § 1983, . . . the plaintiff must allege that some person has deprived him of a federal right [and] . . . he must

allege that the person who has deprived him of the right acted under color of state law.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (quotation marks, ellipsis, and citation omitted). Because state rights are not federal rights, a violation of a state right does not create a cause of action under § 1983. Therefore this state law claim will be dismissed without prejudice so that he may pursue it in state court if possible.

Simpson implies that he is being denied medical treatment in retaliation for having filed a grievance against Nurse Blackwell. In his chronology of events, Simpson states that he filed this grievance on July 13, 2007. (Supplement at 2.) He also attaches a copy of his "Refusal and Release From Responsibility for Medical, Surgical, Psychiatric and Other Treatment" dated the day before on July 12, 2007. (Supplement, Ex. 1 [DE7-2] at 9.) Because Simpson refused treatment before he filed a grievance, any allegation that he is being denied treatment in retaliation for filing that grievance is unsupported by the facts. Furthermore, he attaches medical records demonstrating that he received mental health treatment on July 21, 2007, (*id*. at 16), August 9, 2007, (*id*. at 17), and August 15, 2007, (*id*. at 19). He also received medical treatment on August 10, 2007, (*id*. at 18), August 16, 2007, (*id*. at 20), and August 22, 2007, (*id*. at 21). Both separately and together, these facts undermine both any possible retaliation claim based on a denial of medical treatment, and any possible freestanding claim based on a denial of medical treatment.

For the foregoing reasons, the federal law claims are **DISMISSED WITH PREJUDICE** and the state law claims are **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. 1915A.

**SO ORDERED**.

    ENTERED: December 12, 2007

                                                    <u>s/ Philip P. Simon</u>
                                                    PHILIP P. SIMON, JUDGE
                                                    UNITED STATES DISTRICT COURT